THE KOLOA SUGAR COMPANY *v.* J. K. SMITH and
Thirty Others.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 8, 1896.          DECIDED OCTOBER 29, 1896.

JUDD, C.J., FREAR AND WHITING, JJ.

Equity may make partition between owners of an equitable title
without bringing into Court the owners of the legal title.

OPINION OF THE COURT BY JUDD, C.J.

This is a bill for the partition of the land of "Mahaulepu"
on the Island of Kauai.

A large number of persons, about fifty in number, bought
on September 25, 1882, the land in question from the late Ruth
Keelikolani, for the sum of ten thousand dollars. The deed
conveyed to each grantee his undivided portion of the land,
rateably with the amount of the consideration money paid or
agreed to be paid by him, as for instance, "to A. W. Maioho
an undivided interest of four one-hundredths," and so on, the
whole land being theoretically considered as being one hundred
shares, and A. W. Maioho's interest being four of such shares.
The next day the grantees made a conveyance of the same
land to three persons, "John Puni, A. K. Mika and N. Panui,
their successors in trust and assigns forever, but in trust to
hold the same to the use of the said grantors and to mortgage the
same for not more than five thousand dollars to raise money
for paying off the balance of the price of said land, amounting to
four thousand eight hundred dollars, and generally to mortgage,

sell or reconvey in whole or in part of the said interests according to the future instructions of all the said grantors and their legal representatives."

The mortgage made in execution of the trust has been paid and discharged. The plaintiff corporation has purchased the undivided interests of a large number of the grantees under the deed first mentioned, and now holds sixty-five and three-sevenths of the shares, or sixty-five and three-sevenths one-hundredths of the whole.

The trustees in the second above mentioned deed are not made parties to the bill, which prays for partition of the land and makes the holders of the remaining undivided interests parties defendant.

The bill is demurred to by several of the defendants, as follows:

### "DEFENDANTS' DEMURRER.

"The defendants J. K. Smith, J. K. Farley, J. K. Smith as guardian ad litem of the minor defendants in said cause, Ainaike, Kealohapauole, Poikaualui, William Charman, Paupau (w), Kaio, Keahuakea and J. Luhana, demur to the bill of complaint herein, and for cause of demurrer show as follows:

"1.   That the said bill fails to show any title in the plaintiff such as can establish its rights as against the said defendants to the partition prayed for.

"2.   That it appears by said bill that the legal title in the land sought to be partitioned is by a deed of trust therein referred to conveyed to three parties therein named in trust to hold the same to the use of the grantors named in said deed, and for other purposes therein named.

"3.   That it does not appear in said deed of trust that the trustees therein named can agree to or make, or that the trust therein declared and created includes or permits the partition of the trust premises, either voluntarily by said trustees or their successors, or otherwise.

"4. That none of the trustees named in said deed of trust, nor any of their successors in said trust, or heirs, appear to be made parties defendant in said cause, although the legal title in said premises, for aught that appears to the contrary in said bill of complaint, is now in the trustees named in said deed of trust, or their successors or heirs.

"5. That the said bill of complaint does not show a legal title in the plaintiff in any of the land sought to be partitioned, or that the plaintiff and defendants are co-tenants, but shows that the legal title to all of said land is in three trustees having no power by the terms of said trust deed to dispose of said land except according to the instructions of all the grantors therein named or their legal representatives, and that therefore a partition of said land cannot be made or compelled except in accordance with such instructions.

"6. That the said bill does not contain any matter of equity whereon this Court can ground any decree, or give to the plaintiff any relief against these defendants or any of them."

The question is whether holders of equitable titles in real estate can have partition in equity without bringing into court the holders of the legal title. We think they can. The grantees of the land under the deed of Keelikolani were tenants in common, each having an undivided interest in the land in various proportions as set forth in the deed. This interest still continues, though the legal estate is in trustees for a special purpose.

The principal trust has been executed, for as we have seen, the mortgage for the remainder of the purchase money was made and it has since been discharged. There remains nothing for the trustees to do except as all the grantors shall instruct them. It is not likely that the plaintiff, succeeding to the rights of a large number of the grantors of the second deed, will agree to instruct the trustees "to mortgage or sell" the estate, for this would be inconsistent with plaintiffs' present desire as expressed in the bill, to hold and enjoy its portion of the equitable estate in severalty. However that may be, the trustees are not joined and they are not asked to reconvey the legal title.

The equitable title held by plaintiffs and defendants may be the subject of partition. "Equity may proceed to make partition between owners of the equitable titles, without bringing before the Court those in whom the legal is vested." Freeman on Cotenancy and Partition, Sec. 439.

Among the cases referred to is *Coxe v. Smith*, 4 Johns. Ch. 271. It was a bill for partition and the defendant set up an equitable title and claimed partition according to those rights, by an answer. The Chancellor held that he could so claim. He based his opinion upon *Cartwright v. Pultney*, 2 Atk. 380, where Lord Hardwicke ordered partition of an equitable title and ordered the trustees holding the legal title to convey. In *Watson v. Sutro*, 86 Cal. 500, an owner of an equitable title was allowed to maintain a suit for partition.

We find nothing in the transactions of the parties repugnant to partition. We have no doubt that an equitable title descends to the heirs and may be alienated—subject to the trust—and that it may be the subject of partition. The trustees were not necessary parties. They were proper parties, however, in our opinion.

The decree sustaining the demurrer and dismissing the bill is reversed and the cause sent back to the Circuit Judge for further proceedings.

*Kinney & Ballou*, for plaintiff.

*A. S. Hartwell*, for defendants named.